IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| CEDRIS ROBINSON, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff,*<br><br>v.<br><br>USABLE MUTUAL INSURANCE COMPANY, an Arkansas registered company, and SIGNIFY HEALTH, INC., a Delaware corporation,<br><br>    *Defendants.* | Case No. 4:25cv412-DPM<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>FILED<br>U.S. DISTRICT COURT<br>EASTERN DISTRICT ARKANSAS<br><br>APR 28 2025<br><br>TAMMY H. DOWNS, CLERK<br>By: _____ DEP CLERK |

## CLASS ACTION COMPLAINT

Plaintiff Cedris Robinson ("Plaintiff Robinson" or "Robinson") brings this Class Action Complaint and Demand for Jury Trial against Defendant USAble Mutual Insurance Company d/b/a Arkansas Blue Cross Blue Shield ("Defendant Arkansas Blue Cross" or "Arkansas Blue Cross") and Defendant Signify Health, Inc. ("Defendant Signify Health" or "Signify Health") to stop the Defendants from violating the Telephone Consumer Protection Act ("TCPA") by making pre-recorded calls to consumers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendants' conduct. Plaintiff Robinson, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1.     Plaintiff Cedris Robinson is a resident of White Hall, Arkansas.

2.     Defendant Arkansas Blue Cross is an Arkansas corporation headquartered in Little Rock, Arkansas. Defendant Arkansas Blue Cross conducts business throughout Arkansas.

This case assigned to District Judge Marshall
and to Magistrate Judge Kearney

1

3. Defendant Signify Health is a Delaware registered corporation headquartered in Dallas, Texas. Defendant Signify Health conducts business throughout this District and throughout the U.S.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5. This Court has personal jurisdiction over the Defendants since Defendant Arkansas Blue Cross is headquartered in this District and Signify Health makes calls into this District and conducts business in this District.

6. Venue is appropriate because the Plaintiff and Arkansas Blue Cross are located in this District.

## INTRODUCTION

7. As the Supreme Court explained at the end of its term, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

2

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in February 2025 alone, at a rate of 159.0 million per day. www.robocallindex.com (last visited March 27, 2025).

12. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

## COMMON ALLEGATIONS

15.  USAble Mutual Insurance Company operates using the d/b/a Arkansas Blue Cross Blue Shield:



16.  Defendant Arkansas Blue Cross is an insurance company that sells insurance plans to consumers throughout Arkansas.[4]

17.  Defendant Signify Health conducts personalized health evaluations and screenings to health plan members throughout the U.S.[5]

18.  Signify Health conducts and schedules in-home and virtual health assessments for Arkansas Blue Cross:

---

[3] https://www.arkansasbluecross.com/company/company-overview
[4] https://www.linkedin.com/company/arkbluecross/about/
[5] https://www.linkedin.com/company/signifyhealth/about/



19.    Signify Health works with Blue Cross companies throughout the US, including:

---

[6] https://www.arkansasbluecross.com/members/arhome/personalized-services
[7] https://www.arkansasbluecross.com/docs/librariesprovider9/members/other-forms/00112-01-01-0521-iha-vha-fact-sheet-v4.pdf?sfvrsn=fa6379fd_0

- Blue Cross Blue Shield of Massachusetts;[8]
- Horizon Blue Cross Blue Shield of New Jersey;[9]
- Blue Cross Blue Shield of Texas;[10]
- Independence Blue Cross (Philadelphia);[11]
- Blue Cross and Blue Shield of Minnesota;[12] and
- Blue Cross Blue Shield of Michigan.[13]

20. Signify Health also works with other companies outside of Blue Cross, including:

- Cardinal Health;[14]
- Ardent Health Services;[15] and
- ReferWell[16]

21. Signify Health, acting on behalf of Arkansas Blue Cross Blue Shield, placed unsolicited prerecorded calls to Plaintiff's cellular telephone number and the members of the classes without prior express consent.

22. Signify Health, as an authorized vendor of Arkansas Blue Cross Blue Shield, initiated these calls as part of their agreement to perform in-home and virtual health assessments for Arkansas Blue Cross members.

---

[8] https://medicare.bluecrossma.com/member-resources/find-care/member-support-assistance-program?
[9] https://www.horizonblue.com/signify/?
[10] https://www.bcbstx.com/retiree-medicare-ut/pdf/utcare-fact-sheet-signify-health.pdf?
[11] https://www.national.risehealth.org/insights-articles/sdoh-partnership-independence-blue-cross-and-signify-health-to-launch-community-health-network/?
[12] https://www.bluecrossmn.com/sites/default/files/DAM/2021-11/Final%20Signify%20Health%20Virtual%20Visits%20QP61-20.pdf?
[13] https://www.bcbsm.com/amslibs/content/dam/microsites/uaw-trust/2024/ma-ppo-presentation-book-mo-tn.pdf?
[14] https://www.signifyhealth.com/news/cardinal-healths-outcomes-collaborates-with-signify-health-to-offer-in-home-medication-therapy-management?utm_source=chatgpt.com
[15] https://www.fiercehealthcare.com/providers/signify-health-ardent-health-services-expand-partnership-accountable-care?utm_source=chatgpt.com
[16] https://www.businesswire.com/news/home/20220110005341/en/Signify-Healths-New-Partnership-Program-Accelerates-Innovation-of-Care-In-and-Around-the-Home

23. Signify Health, on behalf of Arkansas Blue Cross places pre-recorded calls to consumers to notify them about health evaluations and preventative screenings, as per Plaintiff's experience.

24. Consumers have posted pre-recorded calls that they received from Signify Health on behalf of other companies, including Blue Cross, such as:

**Typical Messages**

- We're hoping to speak with you about a valuable service that's included in your membership. If you would please call (800) 304-6531. We are available Monday through Friday, 7 a.m. to 7 p.m., and Saturday from 8 30 a.m. to 4 30 p.m. Central Time. We look forward to hearing from you. Have a wonderful day.

  ▶

- Hi, good morning. My name is Brendan. I'm with Signify Health, calling on behalf of your Aetna Health Plan. This call is recorded to ensure great customer service. May I speak to Mr. ****? Hello. Hello, my name is Susan. I'm calling on behalf of Aetna, your Medicare insurance provider. I was hoping to speak with you about a valuable service that's part of your membership. If you could please call (855) 215-1831. We're available from 7 a.m. until 7 p.m. Central Standard Time, Monday through Friday. We look forward to hearing from you, and have a great day.

- Hello, my name is Susan and I'm calling on behalf of Blue Cross Blue Shield of Massachusetts, your insurance provider. I was hoping to speak with you about a valuable service that's part of your membership. If you could please call 617-761-7048. We're available from 8 a.m. until 8 p.m. Eastern Standard Time, Monday through Friday. We look forward to hearing from you and have a great day.

  ▶

[17]

---

[17] https://directory.youmail.com/phone/800-798-4938

**Typical Messages**

∞ We're hoping to speak with you about a valuable service that's included in your membership. If you would please call (800) 304-6531. We are available Monday through Friday, 7 a.m. to 7 p.m., and Saturday from 8 30 a.m. to 4 30 p.m. Central Time. We look forward to hearing from you. Have a wonderful day.

▶

∞ Hello, I'm calling from Signify Health on behalf of Blue Cross Blue Shield of Florida. I was hoping to speak with you about a valuable service that's included in your membership. If you would please call 800-341-7259 We are available Monday through Friday from 7 a.m. to 7 p.m. and Saturday from 8 30 a.m. to 4 30 p.m. Central.

▶

[18]

25.  Arkansas Blue Cross is or should be aware that Signify Health places pre-recorded calls to consumers on its behalf.

26.  Unfortunately, the Defendants place pre-recorded calls to consumers who have not given consent to receive prerecorded calls from either Defendant Signify or Arkansas Blue Cross.

27.  Consumers have posted complaints online about calls that they received from or on behalf of Arkansas Blue Cross that were intended for somebody else like the Plaintiff in this case, including:

- "Claimed to be with Anthem Blue Cross. Asked to speak to someone who does not live here, and whom we do not know…"[19]
- "The Caller ID read Anthem Blue Cross. The message that was left was for a family member that doesn't have blue cross. They left a call back number of (833) 805-1325."[20]
- "Wrong number."[21]
- "They called my work and asked for someone who hasn't worked here for years. If it was really someone who was with Anthem, they should know that. I am thinking it was someone using Anthems number, spoofing."[22]

---

[18] https://directory.youmail.com/phone/800-908-7108
[19] https://lookup.robokiller.com/p/949-245-0000
[20] https://lookup.robokiller.com/p/978-552-6192
[21] https://lookup.robokiller.com/p/800-876-2227
[22] https://lookup.robokiller.com/p/804-354-7000

- "... This agent immediately told me this was an important call regarding my health insurance. Red flag went up as soon as he said he was calling from Blue Cross Community Health. Is there even such a thing? Gosh that's awful close to Blue Cross Blue Shield if someone weren't paying close attention! He wanted to confirm my first and last name and I told him I don't have Blue Cross Community Health and then he throws out a first name 'they have in their records' and asks if that's my guardian or mom and I said no (it was my sister). I repeated I don't have this insurance, so I don't know what he's talking about and he said it had to do with my medicaid. I'm not even on medicaid! I was too sharp for him and he said they will update their records because he knew he wasn't going to get any info from me. This organization should be reported"[23]
- "I have no dealings with blue cross"[24]

28. Defendant Arkansas Blue Cross provides consumer phone numbers to Defendant Signify Health to make pre-recorded calls to them, including Plaintiff Robinson's phone number.

29. In response to these calls, Plaintiff has filed this lawsuit seeking injunctive relief requiring the Defendants to cease violating the TCPA, as well as an award of statutory damages to the members of the Classes and costs.

**FACTUAL ALLEGATIONS**

30. Plaintiff Robinson is the sole user and owner of his cell phone number ending in 1836.

31. Plaintiff Robinson has owned his cell phone for approximately 3 years.

32. When Plaintiff acquired his cell phone, he began receiving identical unwanted pre-recorded calls from Signify Health on behalf of Arkansas Blue Cross.

33. Plaintiff Robinson tried blocking the calls that he was receiving from the Defendants, but he was still receiving pre-recorded voicemails from them that he listened to and which took up memory on his phone.

---

[23] https://lookup.robokiller.com/p/312-872-3252
[24] https://www.shouldianswer.com/phone-number/3132259000

9

34. For example, on February 12, 2025 at 6:48 AM, Plaintiff Robinson received an unwanted call to his cell phone from 800-686-0623.

35. This call was not answered, but a pre-recorded voicemail was left stating:

"… Arkansas Blue Cross and Blue Shield. I was hoping to speak with you about a valuable service that's included in your membership. If you would please call 800-686-0623. We are available Monday through Friday from 7:00 AM to 7:00 PM, and Saturday from 8:30 AM to 4:30 PM central time. We look forward to hearing from you. Have a wonderful day."

36. Plaintiff Robinson could tell that the voicemail is pre-recorded because he had received the same identical voicemail multiple times in the past, the voicemail begins already part of the way into the message, it sounds robotic and it's generic.

37. If one would call back this number that called the Plaintiff 800-686-0623, the company identifies itself as Signify Health.

38. On February 18, 2025 at 8:06 AM, Plaintiff Robinson received another unwanted call to his cell phone from 800-686-0623.

39. This call was not answered, but a pre-recorded voicemail was left stating:

"… on behalf of Arkansas Blue Cross and Blue Shield. I was hoping to speak with you about a valuable service that's included in your membership. If you would please call 800-686-0623. We are available Monday through Friday from 7:00 AM to 7:00 PM, and Saturday from 8:30 AM to 4:30 PM central time. We look forward to hearing from you. Have a wonderful day."

40. Plaintiff Robinson could tell that the voicemail is pre-recorded because it is identical to the previous voicemail in tone, script, diction and because it also starts part of the way into the message.

41. On February 24, 2025 at 6:26 AM, Plaintiff Robinson received another unwanted call to his cell phone from 800-686-0623.

42. This call was not answered, but a pre-recorded voicemail was left stating:

"... I'm calling from Signify Health on behalf of Arkansas Blue Cross and Blue Shield. I was hoping to speak with you about a valuable service that's included in your membership. If you would please call 800-686-0623. We are available Monday through Friday from 7:00 AM to 7:00 PM, and Saturday from 8:30 AM to 4:30 PM central time. We look forward to hearing from you. Have a wonderful day."

43.     Plaintiff Robinson could tell that the voicemail is pre-recorded because it is identical to the previous voicemails in tone, script, diction and because it also starts part of the way into the message.

44.     On March 1, 2025 at 8:43 AM, Plaintiff Robinson received another unwanted call to his cell phone from 800-686-0623.

45.     This call was not answered, but a pre-recorded voicemail was left stating:

"... Health on behalf of Arkansas Blue Cross and Blue Shield. I was hoping to speak with you about a valuable service that's included in your membership. If you would please call 800-686-0623. We are available Monda y through Friday from 7:00 AM to 7:00 PM, and Saturday from 8:30 AM to 4:30 PM central time. We look forward to hearing from you. Have a wonderful day."

46.     Plaintiff Robinson could tell that the voicemail is pre-recorded because it is identical to the previous voicemails in tone, script, diction and because it also starts part of the way into the message.

47.     Plaintiff is not and has never been a member of Arkansas Blue Cross or affiliated with Defendant Signify Health.

48.     Plaintiff Robinson has never provided his cell phone number to Arkansas Blue Cross.

49.     Plaintiff Robinson has never provided his cell phone number to Signify Health.

50.     The unauthorized pre-recorded calls that Plaintiff received from Arkansas Blue Cross, and from Signify Health on behalf of Arkansas Blue Cross, as alleged herein, have harmed Plaintiff Robinson in the form of annoyance, nuisance, and invasion of privacy, and disturbed the

11

use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

51.  Seeking redress for these injuries, Plaintiff Robinson, on behalf of himself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

52.  Plaintiff Robinson brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Arkansas Blue Cross Pre-recorded No Consent Class:** All persons throughout the United States (1) to whom Arkansas Blue Cross placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account with Arkansas Blue Cross, (3) in connection with which an artificial or prerecorded voice was used, (4) from four years prior to the filing of this complaint through the date of class certification.

> **Signify Health Pre-recorded No Consent Class:** All persons throughout the United States (1) to whom Signify Health placed, or caused to be placed, a call on behalf of a Blue Cross entity, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account with the Blue Cross entity on whose behalf Signify Health was calling, (3) in connection with which an artificial or prerecorded voice was used, (4) from four years prior to the filing of this complaint through the date of class certification.

53.  The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendants have been fully and finally adjudicated and/or

released. Plaintiff Robinson anticipates the need to amend the Class definitions following appropriate discovery.

54. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

55. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) Whether Defendants' conduct violated the TCPA;

(b) Whether Defendants placed pre-recorded voice message calls to Plaintiff Robinson and members of the classes without first receiving consent to make the calls;

(c) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

56. **Adequate Representation**: Plaintiff Robinson will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Robinson has no interests antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiff. Plaintiff Robinson and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Robinson nor his counsel have any interest adverse to the Classes.

57. **Appropriateness**: This class action is also appropriate for certification because the Defendants have acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards

of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Robinson. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Robinson and the Arkansas Blue Cross Pre-Recorded No Consent Class)**

58.     Plaintiff repeats and realleges paragraphs 1-57 of this Complaint and incorporates them by reference herein.

59.     Defendant Arkansas Blue Cross transmitted unwanted telephone calls to Plaintiff and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

60.     These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

61.     Arkansas Blue Cross has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of the Arkansas Blue Cross's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## SECOND CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Robinson and the Signify Health Pre-Recorded No Consent Class)

62. Plaintiff repeats and realleges paragraphs 1-57 of this Complaint and incorporates them by reference herein.

63. Defendant Signify Health transmitted unwanted telephone calls to Plaintiff and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

64. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

65. Defendant Signify Health has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of the Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Robinson individually and on behalf of the Classes, prays for the following relief:

66. An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Robinson as the representative of the Classes; and appointing his attorneys as Class Counsel;

67. An award of actual and/or statutory damages and costs;

68. An order declaring that Defendants' actions, as set out above, violate the TCPA;

69. An injunction requiring the Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

70.  Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Robinson requests a jury trial.

DATED this 23rd day of April, 2025.

                                    **CEDRIS ROBINSON**, individually and on behalf of all others similarly situated,

                                    */s/ Stefan Coleman*
Stefan Coleman
law@stefancoleman.com
Coleman PLLC
18117 Biscayne Blvd, Suite 4152
Miami, FL 33160
Telephone: (877) 333-9427
(Admitted to this Court)

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*